**SIGNED THIS: July 23, 2015**

_____
**Mary P. Gorman
United States Chief Bankruptcy Judge**
_____

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| In Re | ) | |
| | ) | Case No. 13-71485 |
| HARLIN W. WALLACE, | ) | |
| | ) | Chapter 7 |
| Debtor. | ) | |
| _____ | ) | |
| | ) | |
| PEKIN INSURANCE COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adversary No. 14-7063 |
| | ) | |
| HARLIN W. WALLACE; ALLAN | ) | |
| TIPSWORD; GAY TIPSWORD; | ) | |
| SOUTHWESTERN ELECTRIC | ) | |
| COOPERATIVE, INC.; GEHRIG'S | ) | |
| DAIRY SERVICES, LLC; and G.C. | ) | |
| UNVERFEHRT FARM SUPPLY, INC., | ) | |
| | ) | |
| Defendants. | ) | |

-1-

# O P I N I O N

Before the Court are the motions of Harlin Wallace and Allan and Gay Tipsword to dismiss this adversary proceeding. The adversary complaint filed by Pekin Insurance Company seeks a declaratory judgment that it is not contractually obligated to provide a defense to Harlin Wallace or to pay a judgment previously entered against him in a pending state court action brought by the Tipswords. Harlin Wallace's motion seeks only dismissal of the proceeding while the Tipswords ask the Court to abstain and dismiss. Because this Court does not have subject matter jurisdiction over the matters raised by the adversary complaint, the proceeding will be dismissed.

## I. Factual and Procedural Background

Harlin W. Wallace ("Debtor") filed his Chapter 7 petition, schedules, and Statement of Financial Affairs on July 30, 2013. The Debtor disclosed a Madison County Circuit Court judgment entered against him during the prior year and listed one of the plaintiffs in that action, Allan Tipsword, as an unsecured creditor with a claim in the amount of $50,000. He did not schedule the other plaintiff, Gay Tipsword, or his co-defendants in the Tipswords' action as potential creditors. The Debtor also did not schedule an interest in any insurance policy as an asset of the estate. The Debtor received his discharge in November 2013.

In September 2014, more than a year after the original case filing, the Debtor filed an Amended Schedule F adding creditors including G.C. Unverfehrt Farm Supply, Inc. ("Unverfehrt"), Gehrig's Dairy Services, LLC ("Gehrig's Dairy"),

and Southwestern Electric Cooperative, Inc. ("Southwestern"). These three creditors — the Debtor's co-defendants in the Tipswords' state court action — were each identified as being owed $50,000 by reason of a pending "suit for money."[1]

On November 12, 2014, Pekin Insurance Company ("Pekin") filed its adversary complaint against the Debtor, Allan and Gay Tipsword, Unverfehrt, Gehrig's Dairy, and Southwestern. Pekin alleges that the Debtor previously owned and operated a construction business, and that problems with a construction project on the Tipswords' farm resulted in the pending state court action against the Debtor and his co-defendants. Pekin acknowledges that it had issued a commercial general liability policy to the Debtor in connection with his construction business but alleges that the Debtor breached the notice-of-suit condition and notice-of-occurrence condition of the policy with respect to the claims made against him by the Tipswords. Pekin asserts that, due to the Debtor's breaches, it has no duty to defend or indemnify the Debtor in the Tipswords' state court action.

The Debtor filed his motion to dismiss alleging that Pekin had previously filed a declaratory judgment action in the Shelby County Circuit Court and that the determination of Pekin's obligations to him should be made by the state court. At an initial hearing on the Debtor's motion, the Court discussed with the parties

---

[1] The addition of these creditors appears to have been prompted by their filing of counterclaims against the Debtor in the Tipswords' state court case. The counterclaims were filed without first obtaining relief from the automatic stay, but it is unclear whether any of these creditors knew at the time of the Debtor's pending bankruptcy case.

issues involving the jurisdiction and constitutional authority of this Court to hear the dispute raised by Pekin's complaint and whether either mandatory or permissive abstention would be appropriate. A scheduling order was entered giving the parties an opportunity to brief those issues. Before any briefs were filed, however, Allan and Gay Tipsword filed their motion to dismiss, also raising issues regarding jurisdiction and abstention. A further order was then entered directing Pekin and any other party intending to respond to the Debtor's motion to address the Tipswords' motion at the same time.

In its memorandum, Pekin admits that it had filed an action for declaratory judgment in Shelby County in July 2014, but asserts that it voluntarily dismissed that case in December 2014. Pekin argues that this Court has jurisdiction to hear the issues raised by its complaint and that its action is a core proceeding. Further, Pekin asserts that, because no state court case remains pending, mandatory abstention is inappropriate and permissive abstention is not warranted.

The Tipswords responded, arguing that this Court lacks subject matter jurisdiction to hear the dispute and that abstention is mandatory under the circumstances presented. Alternatively, the Tipswords assert that this Court should permissibly abstain. Both Unverfehrt and Southwestern filed briefs in support of dismissal and abstention, making arguments similar to those of the Tipswords.

In the meantime, in December 2014, the Chapter 7 Trustee ("Trustee") filed her final report, which included a proposed distribution to creditors. The final report disclosed that the Trustee had collected one receivable of the Debtor and

Case 14-07063    Doc 75    Filed 07/23/15    Entered 07/23/15 10:39:19    Desc Main
                Document    Page 5 of 13

that several creditors had timely filed claims. Neither Pekin nor any of the parties to the Tipswords' state court action filed a claim and, accordingly, no distribution was proposed by the Trustee to any of those parties. Nevertheless, the Tipswords filed an objection to the Trustee's proposal, claiming that they should be included in the distribution to the extent their claims would be covered by the Pekin insurance policy. The Trustee countered that the funds being distributed did not include any insurance proceeds and, in any event, Allan Tipsword had notice of the claims bar date and did not file a claim. After a brief hearing, the Tipswords withdrew their objection and the Trustee's report and proposed distribution were approved.

The main bankruptcy case is now ready to close. All that remains is resolution of this adversary proceeding.

## II. Legal Analysis

Statements of jurisdiction are often perfunctory recitations in bankruptcy court opinions. Here, however, serious questions regarding subject matter jurisdiction are presented and must be analyzed carefully.

The jurisdiction of the district courts as to all bankruptcy cases is original and exclusive. 28 U.S.C. §1334(a). The district court in which a bankruptcy case is commenced or is pending also has exclusive jurisdiction of all property of the debtor or the debtor's estate. 28 U.S.C. §1334(e)(1). And the district courts have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11. 28 U.S.C. §1334(b). A district court

may refer to the bankruptcy judges for the district any and all cases under title 11 and any or all proceedings arising under title 11, or arising in or related to a case under title 11. 28 U.S.C. §157(a). All such bankruptcy matters have been referred to the bankruptcy judges of the Central District of Illinois by Local Rule 4.1 of the United States District Court for the Central District of Illinois. CDIL-LR4.1. Thus, the fundamental subject matter jurisdiction of this Court to hear bankruptcy matters is not disputed. Instead, the issue presented is whether the matters raised by Pekin's complaint actually arise in or are related to the Debtor's case and under what circumstances such matters may be heard and finally decided by this Court.

Bankruptcy courts, by reference, have jurisdiction over proceedings that are, at a minimum, related to a case under title 11. *See* 28 U.S.C. §157(a); *Cullen Electric Co. v. Bill Cullen Elec. Contracting Co. (In re Bill Cullen Elec. Contracting Co.),* 160 B.R. 581, 584 (Bankr. N.D. Ill. 1993) (the threshold test for subject matter jurisdiction is whether the proceeding is "related to" the case). And where they have jurisdiction, bankruptcy courts may hear and generally enter final orders in all cases under title 11 and in "all core proceedings arising under title 11, or arising in a case under title 11[.]" 28 U.S.C. §157(b)(1). Bankruptcy courts are required to determine whether a matter is core before entering a final order regardless of whether the issue has been raised by a party. 28 U.S.C. §157(b)(3). If a proceeding is determined not to be a core proceeding but is related to a case under title 11, a bankruptcy court still has subject matter jurisdiction to hear the issues but is required to submit findings of fact and conclusions of law to the

district court and any final order must be entered by a district judge. 28 U.S.C. §157(c)(1). The allocation of authority to enter final judgments does not implicate questions of subject matter jurisdiction. *Stern v. Marshall*, 131 S. Ct. 2594, 2606-07 (2011). Bankruptcy courts have subject matter jurisdiction over both core and non-core proceedings. *See* 28 U.S.C. §§157(a)–(c), 1334(a)–(b). Thus, consideration of whether a bankruptcy court has subject matter jurisdiction over a particular proceeding may involve an analysis of both §157(b) and (c). *Elscint, Inc. v. First Wis. Financial Corp. (In re Xonics, Inc.)*, 813 F.2d 127, 131 (7th Cir. 1987); *Etterbeek v. Aptcam, LLC (In re Lewiston)*, 521 B.R. 811, 821 (Bankr. E.D. Mich. 2014).

The Code does not define the term "core proceedings" but does provide a non-exclusive list of core proceedings, which includes significantly all of the major issues typically raised in bankruptcy cases such as those relating to the automatic stay, discharge, plan confirmation, use and sale of estate property, allowance of claims, and the like. 28 U.S.C. §157(b)(2). Core proceedings also broadly include matters involving estate administration and actions related to the adjustment of debtor-creditor relationships. *Id.*

Pekin asserts in its memorandum that its adversary proceeding is a core proceeding because it concerns property of the estate. Pekin provides little analysis in support of that assertion, however, relying solely on the distinguishable case of *Bank-Matteson v. Star Ins. Co. (In re Rose Investments Inc.)*, 1996 WL 596359 (Bankr. N.D. Ill. Sept. 16, 1996). *Bank-Matteson* involved a situation where a debtor's bowling alley and its contents were substantially

destroyed by fire. A dispute existed as to the extent of the insurance coverage for the fire damage. Because the Chapter 7 trustee was one of the parties making a claim to the insurance proceeds and because the distribution of the proceeds would clearly impact the claims of several creditors, the bankruptcy court determined that resolving the coverage dispute was a core proceeding over which it had subject matter jurisdiction. *Id.* at *2.

*Bank-Matteson* is clearly distinguishable from the situation presented by Pekin's complaint. Coverage under Pekin's policy, if it remains in force, would pay for the Debtor's defense of the claims being made against him in the Tipswords' state court action and for any judgment (within policy limits) entered against the Debtor if he were to be found liable for the damages incurred. Pekin's policy does not provide coverage for damage to property of the estate and Pekin does not suggest any theory under which the Pekin policy, whether or not it is enforceable, would result in any proceeds being administered by the Trustee for the benefit of the bankruptcy estate. The factual basis relied on by the *Bank-Matteson* court to find that the dispute there was core does not exist here.

The Seventh Circuit has considered the issue of whether insurance coverage disputes are core proceedings. In *Home Insurance Co. v. Cooper & Cooper, Ltd.*, the court stated that "[a] policy of insurance is an asset of the estate, and a request to determine its validity with respect to the debtor is a 'core proceeding' over which a bankruptcy judge has jurisdiction." *Home Ins. Co. v. Cooper & Cooper, Ltd.*, 889 F.2d 746, 748 (7th Cir. 1989). But the court ultimately remanded the matter to the district court to determine whether there was actually

subject matter jurisdiction under the circumstances presented, given that no formal claim had been made against the policy by the case trustee and because the complaint named non-debtor parties, including plaintiffs in state court actions. *Id.* at 750.

In another case, under complicated facts involving several actions to determine the extent of coverage of a liability insurance policy, the Seventh Circuit held that the matters were non-core, despite the policy being property of the estate, because the issue before the court was one of contractual interpretation regarding the scope of the policy rather than the ownership thereof. *In re U.S. Brass Corp.*, 110 F.3d 1261, 1268-69 (7th Cir. 1997) (appeal from bankruptcy court order abstaining in six lawsuits — one originating in an Illinois district court, another transferred from a California district court, and four removed from Illinois state court — all referred by the Illinois district court and involving a debtor with a bankruptcy case pending in Texas). For a proceeding to be core, the action must arise directly under the Code or as an essential part of the bankruptcy case. *Id.*; *see also Barnett v. Stern*, 909 F.2d 973, 981 (7th Cir. 1990).

Pekin makes no claim that any provision of the Code is implicated by the allegations of its complaint and therefore makes no assertion that its action "arises under title 11." And it makes no meaningful argument that the question of the extent of its liability under its policy actually "arises in" the bankruptcy case. Generally, the "arising in" jurisdiction applies to matters not directly based on a provision of title 11 but that are of a type which arise only in bankruptcy cases and would not exist outside of bankruptcy. *See Lewiston*, 521 B.R. at 820-

21.

The cause of action here — a declaratory judgment to determine insurance policy coverage — must be resolved according to state contract law. The dispute arose outside of and without regard to the Debtor's bankruptcy. A state court action was previously filed to resolve the dispute. Regardless of the outcome of the action, Pekin will not pay any money to the Trustee or the bankruptcy estate. The issue before the Court is not whether the Debtor owned the insurance policy. He did. The issue is whether under the circumstances presented, the dispute arises in the bankruptcy case. It does not. "[I]t is the relationship of the dispute to estate, not of party to estate, that establishes jurisdiction." *Xonics*, 813 F.2d at 131. Because he has been discharged, the Debtor is only a nominal party in the dispute that Pekin seeks to resolve, and his inclusion as such is insufficient to create jurisdiction. The action filed by Pekin is not a core proceeding and does not invoke the "arising under" or "arising in" subject matter jurisdiction of this Court. 28 U.S.C. §157(b)(2).

As a fallback position, Pekin argues that, even if the matter is not a core proceeding, this Court has subject matter jurisdiction to hear the case because it relates to the bankruptcy case. 28 U.S.C. §157(c)(1). Pekin, relying on *Home Insurance*, describes the "related to" jurisdiction of the Court as being available when an action affects how much property is available for distribution to creditors of the bankruptcy estate, the allocation of property among such creditors, or the debtor's rights or liabilities. *See Home Insurance*, 889 F.2d at 749. Pekin fails to make the case, however, that its dispute with the Debtor and his creditors

regarding the extent of insurance coverage is sufficiently "related to" the Debtor's fully-administered, ready-to-be-closed bankruptcy case to invoke subject matter jurisdiction.

Pekin says that the outcome of its action could alter the Debtor's liabilities to his creditors but does not explain how that could be so. The Debtor has received his discharge; his potential personal liability to the Tipswords and to his co-defendants is no longer enforceable by those creditors. 11 U.S.C. §524(a). Pekin's complaint seeks no relief which would alter the Debtor's discharge in any way. The outcome of Pekin's action will determine whether, notwithstanding the Debtor's discharge, Pekin must pay the claims against the Debtor. The Debtor personally will pay nothing either way. And, as set forth above, there is no scenario under which proceeds of the Pekin policy will become available to the Trustee to pay a dividend to general unsecured claimants.

Pekin also claims that the Tipswords' objection to the Trustee's final report and proposed distribution, which was pending when Pekin filed its memorandum, forms a basis for "related to" jurisdiction. But the Tipswords' objection was misguided, at best, and was quickly withdrawn at the hearing on the matter. Nothing about the Tipswords' objection to the Trustee's final report provides support to Pekin.

In its brief in support of dismissal, Southwestern says that resolution of Pekin's complaint "can have no conceivable effect on the Debtor or the size or administration of his Chapter 7 estate." This Court agrees. Resolution of Pekin's complaint will have no impact on the main bankruptcy case. The pendency of the

adversary case simply serves to hold up the closing of the main case. The adversary proceeding and the relief sought by the complaint are not sufficiently related to the bankruptcy case to invoke the "related to" jurisdiction available for non-core matters. 28 U.S.C. §157(c)(1).

Because Pekin has failed to establish that its action arises under title 11, arises in the Debtor's bankruptcy case, or is sufficiently related to the case to have some impact on its administration, this Court does not have subject matter jurisdiction to hear and decide the dispute. The adversary proceeding filed by Pekin must be dismissed.

Having decided that subject matter jurisdiction does not exist here, the Court does not reach the issue of whether it would have had constitutional authority to enter a final judgment on the dispute if it had jurisdiction. *See generally Wellness Int'l Network, Ltd. v. Sharif*, 135 S. Ct. 1932 (2015); *Executive Benefits Ins. Agency v. Arkison*, 134 S. Ct. 2165 (2014); *Stern*, 131 S. Ct. 2594. Nor does the Court reach the issue of whether mandatory or permissive abstention would have been appropriate. *See* 28 U.S.C. §1334(c)(1), (2); *see also Cullen Electric Co.*, 160 B.R. at 585 (implicit in the bankruptcy court's ability to abstain from hearing a given proceeding is having jurisdictional authority to hear the proceeding in the first place).

### III. Conclusion

Notwithstanding the Debtor's discharge, the Tipswords and the other parties to the state court litigation may pursue the Debtor to establish his liability for the

limited purpose of recovering from his available insurance. *In re Shondel*, 950 F.2d 1301, 1306 (7th Cir. 1991); *see also In re Fernstrom Storage & Van Co.*, 938 F.2d 731, 734 (7th Cir. 1991) (relief from automatic stay appropriate where recovery will be from a debtor's insurer). This well-settled law should have guided the parties to seek relief from stay as soon as they received notice of the Debtor's bankruptcy case. Time has been wasted in this Court. But modification of the discharge injunction remains available and is the only correct course of action for the parties here.

This adversary proceeding is not a core proceeding as it does not arise under title 11 and does not "arise in" the bankruptcy case as that term as been defined by case law. Further, the matters raised by Pekin's complaint are not sufficiently "related to" the bankruptcy case to justify exercise of jurisdiction over a non-core matter. This Court does not have subject matter jurisdiction to decide the issues presented. The adversary proceeding will be dismissed without prejudice.

This Opinion is to serve as Findings of Fact and Conclusions of Law pursuant to Rule 7052 of the Rules of Bankruptcy Procedure.

See written Order.

###